UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTOINETTE MOORER,** | ) | **CASE NO. 1:23 CV 1757** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **U.S. NATIONAL BANK,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Antoinette Moorer filed this action against U.S. National Bank. Her Complaint is nearly incomprehensible. It appears that she attempted to pay off her mortgage debt with a promissory note, a 1099 tax form, and other indecipherable documents. She claims the Bank's failure to accept her payment terms is a breach of contract. She does not indicate the relief she is seeking.

Plaintiff filed a Return of Service on October 24, 2023 indicating the Defendant was served on October 16, 2023. Two attorneys from the law firm Locke Lord, LLP filed appearances on behalf of the Defendant on November 2, 2023. (Doc. Nos. 9, 12). They filed a Corporate Disclosure Statement (Doc. No. 11) and a Notice that Plaintiff had filed Bankruptcy (Doc. No. 10) on November 2, 2023, but to date they have not filed an Answer or a Motion to Dismiss, nor have they requested leave to plead. On November 7, 2023, Plaintiff filed an

Application for the Clerk to enter Default against the Defendant. (Doc. No. 13). There is no indication that she served this Application on the counsel for the Defendants.

## I. BACKGROUND

Plaintiff states that she applied for a mortgage for $ 150,000.00 with U.S. Bank on June 9, 2022. She indicates that the mortgage was approved on August 15, 2022. In April 2023, she sent a document which she titled as a "Letter of Instruction" to an unknown recipient instructing the recipient to order Terrence Dolan, CFO to issue her a 1099c for cancellation of debt. She states, "I also realized that I have not truly paid you so here is your promissory note and I would like all of my Floating Rate Notes back as well." (Doc. No. 1-8, PageID #: 83). It is not clear whether she supplied a new promissory note that she drafted, or whether she was attempting to cancel the debt by returning her copy of the promissory note she signed when she took out the mortgage.

Plaintiff sent a second correspondence to an unknown recipient which she titled "Conditional Acceptance Letter." The date on the letter is March 14, 2023; however, she included a handwritten note stating that the letter was actually sent in May 2023. In this letter she states, "I am writing to let you know that I will be paying off my remaining account balance with a 1099A form. Under UCC3-104, UCC3-603, UCC 1-308, UCC3-419, HJR 192, 12 USC-411 and 18 USC-8. Your company must accept my form of payment." (Doc. No. 1-9 at PageID #: 89).

Ten days later, Plaintiff sent a third communication to an unknown recipient which she titled "Default Notice." This document asks the recipient to instruct CFO Terrence Dolan "to

apply the principal[']s balance to the principal[']s account number XXXX-6762 for each and every bill cycle for set-off."  (Doc. No. 1-10 at PageID #: 91).

In July 2023, Plaintiff sent a document to the Office of the Comptroller of Currency.  This document is lengthy and incomprehensible.  She contends she is both a principal and agent for herself.  She states that it is the job of the CFO to "relay/collect the securities and transfer the securities and get them to the Federal Reserve to bring the credit back to the principal's balance to this account."  (Doc. No. 1-11 at PageID #: 108).  She states:

> I, Antoinette Moorer, due (sic) hereby offer, in the interest of justice; A) The opportunity for U.S. Bank to make me whole on all costs incurred by me, ab initio, from the date of inception of the original contract to the present, for what may be a fraudulent and unlawful transaction on the part of U.S. Bank in return, The opportunity for U.S. Bank to Discharge the contract, since the only fraudulent acts committed were by U.S. Bank. Affirming such negotiation would require U.S. Bank to consider the said contract "paid in full" and immediately release any and all encumbrances on said property to me and deliver to me the deed post haste; See: A.R.S. § 47-3604. Discharge by cancellation or renunciation A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument. 1. by an intentional voluntary act, such as surrender of the instrument to the party, destruction. mutilation or cancellation of the instrument.

(Doc. No. 11 at PageID #: 108).

Plaintiff asserts that U.S. Bank breached a contract by not accepting the "security collateral" she presented to them to offset her account.  She indicates that she has the right to pay off her mortgage using notes, drafts, or bills of exchange and the bank is required to accept them without question and discharge her obligation.  (Doc. No. 1 at PageID #: 4).  She does not indicate the relief she seeks, stating only that, "I'm alive that I am the owner to accept the

interest and equity that has been left for the beneficiary which is met the agent." (Doc. No. 1 at PageID #: 5).

## II.  STANDARD OF REVIEW

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold Plaintiff's Complaint to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).  Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

## III.  ANALYSIS

As an initial matter, the Court cannot grant Plaintiff's Application for Default.  Because the asserted Default is not based on a failure to appear, the Plaintiff must serve the Application on counsel for the Defendants.  The Application does not contain a Certificate of Service, nor is there any other indication that Plaintiff served this document on Defendant's counsel.  FED. R. CIV. P. 5 (d)(1)(B)(I).  The Defendant must have the opportunity to respond to the Application.

Moreover, the Complaint is totally implausible, frivolous and devoid of merit. Even if the Court were to find the Defendant in default of their Answer, Plaintiff can only obtain judgment in her favor if her Complaint states a plausible claim upon which relief may be granted. *Bogard v. Nat'l Credit Consultants*, No. 1:12 CV 02509, 2013 WL 2209154, at *3 (N.D. Ohio May 20, 2013)(the Court should accept as true all Plaintiff's well-pled factual allegations and determine if those allegations are sufficient to support a finding of liability as to each defendant on the Plaintiff's claims); *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 848 (E.D. Mich. 2006)(to grant a default judgment, the Court considers Plaintiff's well-pled factual allegations to determine if they are sufficient to establish the Defendant's liability).

Plaintiff unilaterally attempted to cancel her mortgage by giving the Defendant as payment a promissory note (or returning her copy of the original promissory note) and a 1099a tax form, and by making meaningless and incomprehensible demands in letters she sent to unknown recipients within the bank. When the Defendant did not recognize those documents as legal tender to pay off the balance on the loan, she brought this action claiming breach of contract. The contract that Plaintiff signed, however, states in the first paragraph:

> 1. Borrower's Promise to Pay. In return for a loan that I have received, I promise to pay U.S. $I42,500.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is U.S. Bank National Association. ***I will make all payments under this Note in the form of cash, check or money order***. (emphasis added).

(Doc. No. 1-3 at PageID #: 12). Payment in the form of a promissory note or a 1099a tax form did not comply with the terms of the actual signed contract. Plaintiff's demand to cancel the mortgage debt without payment of the balance of the loan in the form of cash, check, or money

order also did not comply with the terms of the contract. Defendant did not breach the contract by refusing to accept those documents as an early payoff of the mortgage debt.

### IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) . The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

11/29/2023

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.